# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROSA G. VANDIVER,          )<br>                                            )<br>              Plaintiff(s),           )<br>                                            )<br>vs.                                       )<br>                                            )<br>CAROLYN W. COLVIN, ACTING  )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>                                            )<br>              Defendant(s).         )<br>_____) | Case No. 2:15-cv-00886-GMN-NJK<br><br>REPORT AND RECOMMENDATION<br><br>(Docket Nos. 18, 23) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 18. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket No. 23. Plaintiff filed a reply. Docket No. 24. This action was referred to the undersigned magistrate judge for a report of findings and recommendation. The undersigned held a hearing on the motions on June 17, 2016. *See* Docket No. 28.

**I.  STANDARDS**

    A.  <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security

made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B. Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made, 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and perform at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made.

If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II. BACKGROUND

### A. Procedural History

On August 10, 2011, Plaintiff filed an application for disability insurance benefits alleging that she became disabled on September 30, 2010. *See, e.g.*, Administrative Record ("A.R.") 225-32.[2] Plaintiff's claims were denied initially on December 7, 2011, and upon reconsideration on August 13, 2012. A.R. 126-30, 132-36. On October 19, 2012, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 137. On June 26, 2013, Plaintiff, Plaintiff's attorney, a medical expert, and a vocational expert appeared for a hearing before ALJ Sharilyn Hopson. *See* A.R. 51-97. On August 14, 2013, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability from March 16, 2010 through the date of the decision. A.R. 26-50.[3] On November 15, 2013, Plaintiff requested review from the Appeals Council. A.R. 9-25. On March 16, 2015, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6.

---

[2] Plaintiff lived in Southern California at the time she filed her application. *See* A.R. 225. Prior to initiating the instant lawsuit in this Court, however, Plaintiff relocated to Nevada. *See* Docket No. 4 at ¶ 1.

[3] It appears Plaintiff amended her alleged onset date at some point to March 16, 2010. *See* A.R. 65; Docket No. 18 at 3.

On May 12, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1. Plaintiff filed an application for leave to appear *in forma pauperis*, which the Court granted. Docket No. 2. The Court dismissed Plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e). *Id.* Plaintiff then filed an amended complaint, Docket No. 4, which the Court found sufficient for screening purposes, *see* Docket No. 5.

B.   The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on August 14, 2013. A.R. 26-50. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, and had not engaged in substantial gainful activity since March 16, 2010. A.R. 31. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease of bilateral knees; left shoulder torn rotator cuff with surgical repair; lumbar spine mild scoliosis with marginal osteophyte formation, spondylolisthesis and strain; bilateral hammer toes; asthma; headaches; obesity; attention deficit hyperactivity disorder; and depression with anxious features. A.R. 31. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 31-35.

The ALJ found that Plaintiff had the residual functional capacity:

> to perform sedentary work as defined in 20 CFR 404.1567(a) except: lift and/or carry 10 pounds frequently, 20 pounds occasionally; stand and/or walk 2 hours out of an 8-hour day; sit 6 hours out of an 8-hour day; frequently push and pull with the upper and lower extremities; no ladders, ropes or scaffolds; occasionally climb stairs; no work at unprotected heights; no kneeling, crouching or crawling; occasional stooping; no concentrated exposure to pulmonary irritants; no concentrated exposure to vibration or work with vibrating equipment; no exposure to extreme heat or cold; no work at or above shoulder level bilaterally; and limited to moderately complex tasks of an SVP 4 or less.

A.R. 35-42. At step four, the ALJ found Plaintiff unable to perform her past relevant work. A.R. 42. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity. A.R. 43-45. In doing so, the ALJ defined Plaintiff as an individual closely approaching advanced age on the alleged onset date with at least a high school education, able to communicate in English, and with acquired work skills from past relevant work. A.R. 43. The ALJ considered Medical Vocational Rules, which provide

a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a telemarketer. A.R. 43-45.

Based on all of these findings, the ALJ found Plaintiff had not been disabled and denied her application for a period of disability and disability insurance benefits. *See* A.R. 45.

## III.   ANALYSIS AND FINDINGS

On appeal, Plaintiff argues that the ALJ erred in two ways. First, Plaintiff contends the ALJ erred in not properly considering Plaintiff's limitation in concentration, persistence, and pace in the RFC or in the resulting hypothetical to the vocational expert. Second, Plaintiff contends that the ALJ erred in not properly considering her mild difficulties in social functioning in the RFC or the resulting hypothetical to the vocational expert. The Court will address each issue in turn below.

### A.   Difficulties in Concentration, Persistence, and Pace

The ALJ found that Plaintiff would have moderate difficulty with concentration, persistence, and pace. A.R. 34. The ALJ considered that moderate difficulty in formulating Plaintiff's RFC. A.R. 38. In particular, the ALJ found that, while Plaintiff had some problems in this area, she had also demonstrated good attention and concentration capabilities when in a more structured and less stressful situation. *See id.* As a result, the ALJ concluded that Plaintiff was limited to no more than moderately complex tasks of an SVP of 4 or less. *See id.*

Plaintiff argues on appeal that the ALJ should have concluded that she was limited to a mental RFC of no more than unskilled work. *See* Docket No. 18 at 8. Plaintiff supports this position by noting the Ninth Circuit has previously determined that it fell within "the penumbra of reasonableness" to equate deficiencies in concentration, persistence, or pace to a limitation to simple and repetitive tasks. *Id.* (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). The Ninth Circuit found in *Stubbs-Danielson* that pace and mental limitations were appropriately translated to a restriction to simple tasks, but the Ninth Circuit made that finding based on the medical record in that case and did not hold that such a finding was required in every case. *See* 539 F.3d at 1174. Quite simply, "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Id.*

1    Unlike the situation in *Stubbs-Danielson*, Plaintiff has failed to persuade the undersigned that
2 the medical record in this case required the ALJ to find that Plaintiff was limited to simple and repetitive
3 tasks. Moreover, substantial evidence supports the ALJ's finding that Plaintiff was limited to no more
4 than moderately complex tasks of an SVP of 4 or less. Accordingly, the undersigned is unpersuaded by
5 Plaintiff's contention of error on this point.[4]

6    B.    Difficulties in Social Functioning

7    Plaintiff next argues that the ALJ erred in this matter by failing to consider her mild limitation
8 in formulating the RFC and in posing the hypothetical to the vocational expert. *See, e.g.*, Docket No.
9 18 at 7. Plaintiff notes that, although the ALJ made a finding as to this mild limitation at Step 2 of the
10 analysis, the ALJ did not explicitly address the mild limitation in social functioning in the section of the
11 decision assessing Plaintiff's RFC. *See, e.g.*, Docket No. 24 at 4. The Court is not persuaded that the
12 ALJ erred.

13    Mild mental impairments are by definition those that have no more than a minimal limitation on
14 the ability to work and, therefore, "translate[] in most cases into no functional limitations." *Ball v.*
15 *Colvin*, 2015 WL 2345652, *3 (C.D. Cal. May 15, 2015); *see also* 20 C.F.R. 416.920a(d)(1).
16 Nonetheless, the Ninth Circuit observed in a non-precedential memorandum disposition that an ALJ
17 must consider all medically determinable impairments, regardless of severity, in formulating the RFC.
18 *See Hutton v. Astrue*, 491 Fed. Appx. 850, 850 (9th Cir. Dec. 5, 2012); *see also* 20 C.F.R. §
19 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are
20 aware, including your medically determinable impairments that are not 'severe'"). The fact that an ALJ
21 does not explicitly address a mild limitation in the section of her order formulating an RFC is not
22 necessarily determinative on this issue. *See, e.g.*, *Webb v. Colvin*, 2013 WL 5947771, *12 (D. Nev. Nov.
23 5, 2013) ("An ALJ is required to discuss and evaluate the evidence that supports his conclusion; he is

---

[4] Plaintiff also challenges the subsequent hypothetical posed to the vocational expert. *See* Docket No. 18 at 9; *see also* A.R. 88-90 (hypothetical). "The ALJ may . . . pose to a vocational expert a hypothetical incorporating the residual function capacity determination." *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). As noted above, the Court finds that the RFC was proper with respect to this issue and, the Court further finds, that the hypothetical posed by the ALJ properly incorporated the RFC. *See, e.g.*, *Ramirez v. Colvin*, 2015 WL 3886797, *9 (D. Nev. June 23, 2015).

not required to do so under any specific heading") (report and recommendation adopted by Navarro, C.J.). More specifically, an ALJ does not run afoul of *Hutton* if she considers a mild mental impairment at Step 2 and then incorporates that mild impairment by reference into the RFC analysis. *Id.*; *see also Ball*, 2015 WL 2345652, at *3 (relying on similar reasoning).

In this case, the ALJ discussed the record that existed with respect to any difficulties Plaintiff had in social functioning in conducting the Step 2 analysis. A.R. 34. The ALJ noted that Plaintiff maintained friends through bible study and church, but that she did not spend much time in public primarily due to her physical impairments. *Id.* Nonetheless, the ALJ found that it was "reasonable to conclude that she would have some difficulties in this area solely caused by her alleged depression." *Id.* As such, the ALJ found that Plaintiff "has no more than mild difficulties in social functioning." *Id.* Moreover, the ALJ concluded her section conducting the Step 2 analysis by expressly incorporating the impairments outlined therein into her RFC determination: "the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental functional capacity." A.R. 35. Given the ALJ's consideration of Plaintiff's mild limitation during the Step 2 analysis and her incorporation of that analysis into the RFC assessment, the undersigned is unpersuaded by Plaintiff's arguments that the ALJ erred by failing to consider this mild limitation in assessing the RFC. *See, e.g.*, *Webb*, 2013 WL 5947771, at *12.[5]

## IV. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 18) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 23) be **GRANTED**.

DATED: June 27, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[5] The Court also concludes that the resulting hypothetical to the vocation expert was proper.

## **NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).