**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROSA G. VANDIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:15-cv-00886-GMN-NJK |
| vs. ) | |
| ) | |
| NANCY A. BERRYHILL, ) | **ORDER** |
| ) | |
| Defendant. ) | |

Pending before the Court for consideration is a Motion to Remand, (ECF No. 18), filed by Plaintiff Rosa G. Vandiver ("Plaintiff"), and the Cross–Motion to Affirm, (ECF No. 23), filed by Defendant Nancy A. Berryhill[1] ("Defendant" or "the Commissioner"). These motions were referred to the Honorable Nancy J. Koppe, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

On June 27, 2016, Judge Koppe entered the Report and Recommendation ("R. & R."), (ECF No. 29), recommending Plaintiff's Motion to Remand be denied and the Commissioner's Cross–Motion to Affirm be granted. Plaintiff filed her Objection, (ECF No. 30), to the Report and Recommendation, on July 11, 2016. The Commissioner filed a Response, (ECF No. 31), to the Objection on July 28, 2016.

**I.     BACKGROUND**

Plaintiff brings this action against Defendant in her capacity as the Commissioner of the Social Security Administration, pursuant the Social Security Act, 42 U.S.C. § 405(g). (Compl.,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

ECF No. 3). Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration denying her claims for social security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–403. (*Id.* ¶ 3).

Plaintiff applied for disability insurance benefits on August 10, 2011, which were denied initially and upon reconsideration. (*Id.* ¶ 6–7); (Admin. R. ("A.R.") at 233, ECF No. 17-1). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), who ultimately issued an unfavorable decision denying Plaintiff's benefits claim. (Compl. ¶ 7). Plaintiff timely requested Appeals Council review of the ALJ's decision, which was denied on March 16, 2015. (*Id.* ¶ 8).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III. DISCUSSION

Plaintiff asserts two objections to the Report and Recommendation, which largely reassert her same arguments before Judge Koppe. First, relying on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), Plaintiff argues that "[a] limitation to simple work equate [sic] to a limitation of no more than unskilled work." (Obj. 5:9, ECF No. 30). As Judge Koppe recognized, however, "the Ninth Circuit made that finding based on the medical record in that case and did not hold that such a finding was required in every case." (R. & R. 7:25–26, ECF No. 29). Indeed, Plaintiff "agrees with the Court that such a finding is not required in every case." (Obj. 4:15–16). The medical record in this case shows that Plaintiff "demonstrated good

attention and concentration capabilities when in a more structured and less stressful situation," supporting the ALJ's finding that Plaintiff was limited to no more than moderately complex tasks of an SVP of 4 or less. (A.R. at 46–47).

Next, Plaintiff asserts that the ALJ erred by failing to account for Plaintiff's limitations in social functioning in determining her residual functioning capacity ("RFC"). (*See* Obj. 6:4). After reviewing the ALJ's findings, the Court agrees with Judge Koppe that "the ALJ discussed the record that existed with respect to any difficulties Plaintiff had in social functioning in conducting the Step 2 analysis" and properly incorporated the Step 2 analysis into the RFC assessment. (R. & R. 29:5–17); (*see also* A.R. at 43–44). Further, to the extent Plaintiff argues that the ALJ posed incomplete hypotheticals to the vocational expert, "a step-two determination that a non-exertional impairment is severe does not require that the ALJ seek the assistance of a vocational expert at step five." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).

Having reviewed the Commissioner's objections *de novo,* the Court finds no basis on which to reject Judge Koppe's findings and recommendations. The Court therefore grants the Commissioner's Cross-Motion to Affirm and denies Plaintiff's Motion to Remand.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 29), be **ACCEPTED** and **ADOPTED** in full, to the extent that it is not inconsistent with this Order.

**IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 18), is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm, (ECF No. 23), is **GRANTED**.

**DATED** this __19__ day of April, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge